**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

SOUTHERN DISTRICT OF NEW YORK

Case number *(if known)* _____

Chapter you are filing under:
- [ ] Chapter 7
- [✓] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13

- [ ] Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy        12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**    Pacific Andes International Holdings Limited (Bermuda)

2. **All other names debtor used in the last 8 years**
   Include any assumed names, trade names and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**

4. **Debtor's address**

   Principal place of business

   Rooms 3201-3210, Hong Kong Plaza
   188 Connaught Road West, Hong Kong
   Number, Street, City, State & ZIP Code

   County

   Mailing address, if different from principal place of business

   P.O. Box, Number, Street, City, State & ZIP Code

   Location of principal assets, if different from principal place of business

   Number, Street, City, State & ZIP Code

5. **Debtor's website (URL)**    www.pacificandes.com

6. **Type of debtor**
   - [✓] Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   - [ ] Partnership
   - [ ] Other. Specify: _____

7. **Describe debtor's business**   A. *Check one:*

   ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
   ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
   ☐ Railroad (as defined in 11 U.S.C. § 101(44))
   ☐ Stockbroker (as defined in 11 U.S.C. § 101(53AB))
   ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
   ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
   ☑ None of the above
   Commercial fishing

   B. *Check all that apply*

   ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
   ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
   ☐ Investment advisor (as defined in 15 U.S.C. §80a-3)

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
   See http://www.naics.com/search/.

   ____

8. **Under which chapter of the Bankruptcy Code is the Debtor filing?**   *Check one:*

   ☐ Chapter 7
   ☐ Chapter 9
   ☑ Chapter 11. *Check all that apply:*

   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (amount subject to adjustment on 4/01/16 and every three years after that).
   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operation, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
   ☐ A plan is being filed with this petition.
   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

   ☐ Chapter 12

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   ☑ No.
   ☐ Yes.

   If more than 2 cases, attach a separate list.

   District _____   When _____   Case number _____
   District _____   When _____   Case number _____

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    ☐ No
    ☑ Yes.

    List all cases. If more than 1, attach a separate list

    Debtor   See attached list    Relationship to you _____
    District _____   When _____   Case number, if known _____

Official Form 201                Voluntary Petition for Non-Individuals Filing for Bankruptcy                page 2

| | | |
|---|---|---|
| 11. | Why is the case filed in *this district?* | *Check all that apply:*<br>☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br>☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| 12. | Does the debtor own or have possession of any real property or personal property that needs immediate attention? | ☑ No<br>☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.<br>**Why does the property need immediate attention?** (*Check all that apply.*)<br>☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br>    What is the hazard? _____<br>☐ It needs to be physically secured or protected from the weather.<br>☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br>☐ Other _____<br>**Where is the property?** _____<br>    Number, Street, City, State & ZIP Code<br>**Is the property insured?**<br>☐ No<br>☐ Yes.  Insurance agency _____<br>    Contact name _____<br>    Phone _____ |

**Statistical and administrative information**

| | | |
|---|---|---|
| 13. | Debtor's estimation of available funds | *Check one:*<br>☑ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available to unsecured creditors. |

| 14. | Estimated number of creditors | ☑ 1-49<br>☐ 50-99<br>☐ 100-199<br>☐ 200-999 | ☐ 1,000-5,000<br>☐ 5001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |
|---|---|---|---|---|
| 15. | Estimated Assets | ☐ $0 - $50,000<br>☐ $50,001 - $100,000<br>☐ $100,001 - $500,000<br>☐ $500,001 - $1 million | ☐ $1,000,001 - $10 million<br>☐ $10,000,001 - $50 million<br>☐ $50,000,001 - $100 million<br>☐ $100,000,001 - $500 million | ☑ $500,000,001 - $1 billion<br>☐ $1,000,000,001 - $10 billion<br>☐ $10,000,000,001 - $50 billion<br>☐ More than $50 billion |
| 16. | Estimated liabilities | ☐ $0 - $50,000<br>☐ $50,001 - $100,000<br>☐ $100,001 - $500,000<br>☐ $500,001 - $1 million | ☐ $1,000,001 - $10 million<br>☑ $10,000,001 - $50 million<br>☐ $50,000,001 - $100 million<br>☐ $100,000,001 - $500 million | ☐ $500,000,001 - $1 billion<br>☐ $1,000,000,001 - $10 billion<br>☐ $10,000,000,001 - $50 billion<br>☐ More than $50 billion |

**Request for Relief, Declaration, and Signature**

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **June 30, 2016**
                MM / DD / YYYY

X  /s/ Ng Puay Yee
Signature of authorized representative of debtor

Ng Puay Yee
Printed name

Title    Managing Director

**18. Signature of attorney**

X  /s/ Howard B. Kleinberg
Signature of attorney for debtor

Date **June 30, 2016**
     MM / DD / YYYY

**Howard B. Kleinberg, Esq., Edward J. LoBello, Thomas R. Slome**
Printed name

**Meyer, Suozzi, English & Klein P.C.**
Firm name

**1350 Broadway, Suite 501**
**P.O. Box 822**
**New York, NY 10018**
Number, Street, City, State & ZIP Code

Contact phone   **212-239-4999**        Email address   **hkleinberg@msek.com**

Bar number and State

**PETITION NO. 10 ATTACHMENT – ADDITIONAL ENTITIES FILING PETITIONS**

| Debtor | District | When | Relationship | Case No., if known |
|---|---|---|---|---|
| N.S. Hong Investment (BVI) | United States Bankruptcy Court, Southern District of New York | June 30, 2016 | Affiliate | |
| Pacific Andes International Holdings Limited (Bermuda) | United States Bankruptcy Court, Southern District of New York | June 30, 2016 | Affiliate | |
| Super Investment Limited (Cayman) | United States Bankruptcy Court, Southern District of New York | June 30, 2016 | Affiliate | |
| China Fishery Group Limited (Cayman) | United States Bankruptcy Court, Southern District of New York | June 30, 2016 | Affiliate | |
| Smart Group Limited (Cayman) | United States Bankruptcy Court, Southern District of New York | June 30, 2016 | Affiliate | |
| CFG Peru Investment Pte. Ltd. (Singapore) | United States Bankruptcy Court, Southern District of New York | June 30, 2016 | Affiliate | |
| Protein Trading Limited (Samoa) | United States Bankruptcy Court, Southern District of New York | June 30, 2016 | Affiliate | |
| South Pacific Shipping Agency Limited (BVI) | United States Bankruptcy Court, Southern District of New York | June 30, 2016 | Affiliate | |
| China Fisheries International Limited (Samoa) | United States Bankruptcy Court, Southern District of New York | June 30, 2016 | Affiliate | |
| Chanery Investment Inc. (BVI) | United States Bankruptcy Court, Southern District of New York | June 30, 2016 | Affiliate | |
| Champion Maritime Ltd (BVI) | United States Bankruptcy Court, Southern District of New York | June 30, 2016 | Affiliate | |
| Growing Management Limited (BVI) | United States Bankruptcy Court, Southern District of New York | June 30, 2016 | Affiliate | |
| Target Shipping Limited (HK) | United States Bankruptcy Court, Southern District of New York | June 30, 2016 | Affiliate | |
| Fortress Agents Limited (BVI) | United States Bankruptcy Court, Southern District of New York | June 30, 2016 | Affiliate | |
| Ocean Expert International Limited (BVI) | United States Bankruptcy Court, Southern District of New York | June 30, 2016 | Affiliate | |
| CFGL (Singapore) Private Limited | United States Bankruptcy Court, Southern District of New York | June 30, 2016 | Affiliate | |
| | | | | |
| CFG Investment S.A.C. (Peru) | United States Bankruptcy Court, Southern District of New York | June 30, 2016 | Affiliate | |
| Corporacion Pesquera Inca S.A.C. (Peru) | United States Bankruptcy Court, Southern District of New York | June 30, 2016 | Affiliate | |

| Sustainable Fishing Resources S.A.C. | United States Bankruptcy Court, Southern District of New York | June 30, 2016 | Affiliate | |

1125038

# PACIFIC ANDES INTERNATIONAL HOLDINGS LIMITED
# 太平恩利国际控股有限公司
(Incorporated in Bermuda with limited liability)
(the "**Company**")

**WRITTEN RESOLUTIONS OF ALL DIRECTORS OF THE COMPANY PASSED PURSUANT TO BYE-LAW 114 OF THE COMPANY'S BYE-LAWS ON JUNE 30, 2016**

WHEREAS, each director in the board of directors (the "Board") of the Company has confirmed that he or she has no direct or indirect interest in any way in the matters considered herein;

WHEREAS, due to the appointment of joint provisional liquidators (the "JPLs") over China Fishery Group Limited and China Fisheries International Limited, indirect wholly-owned subsidiaries of the Company in November 2015 and the actions taken by the JPLs prior to their termination and discharge in January 2016, the Company and its subsidiaries (the "Group") have been facing severe financial stress and encountered extreme challenges in their efforts to resuscitate and revive the business of the Group and in particular, the Peruvian business of the Group (the "Peruvian Business").

WHEREAS, the executive directors of the Company have been in ongoing discussions and dialogue with its stakeholders, and in particular, its creditors, with respect to the financial stress referred to above and the challenges faced in resuscitating the Peruvian Business and recent correspondence from certain creditors have suggested the possibility that hostile and aggressive action could be taken against the Company and/or other members of the Group which would not be in the interests of the Company and its stakeholders generally;

WHEREAS, the directors of the Company have been in ongoing discussions with respect to the financial challenges and stress faced by the Company and the Group in determining the most appropriate actions to be taken in order to protect the interests of the Company while taking all due and proper account of the rights and interests of the creditors of the Company;

WHEREAS the Directors have been actively considering the financial condition and prospects of the Company and its business with a view to discussing and determining the most appropriate method of stabilizing the Company's business such that the Group has sufficient time that it requires to stabilize, resuscitate and restructure its business and repay or otherwise settle all amounts due to creditors;

WHEREAS, having considered their duties, including but not limited to their duties to act in good faith, in the best interests of the Company and for proper purpose, the Board of the Company have determined that it is desirable and in the best interests of the Company that petitions be filed by the Company seeking relief under the provisions of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), in which the authority to operate as a debtor in possession will be sought; and

NOW, THEREFORE, IT IS:

RESOLVED, that in the judgment of the Board, having considered their duties, it is desirable and in the best interests of the Company that a legal proceeding regarding the solvency and restructuring of the Company, including a voluntary petition (the "Petition") be filed by the Company under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); and it is further

RESOLVED, that the Company shall be, and it hereby is, authorized, directed and empowered (i) to file a legal proceeding regarding the solvency and restructuring of the Company, including the Petition,

1

and (ii) to perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect any of the foregoing; and it is further

RESOLVED, that Ng Puay Yee, Annie and Robert S. Rosenfeld (the "Designated Persons") be, and hereby are, jointly and severally, authorized, directed and empowered, on behalf of and in the name of the Company (i) to execute and verify the Petition as well as all other ancillary documents and to cause the Petition to be filed with the Bankruptcy Court, and to make or cause to be made prior to the execution thereof any modifications to the Petition or ancillary documents, and (ii) to execute, verify and file or cause to be filed all petitions, schedules, lists, motions, applications, disclosure statements, plans, and other papers or documents, agreements, deeds, letters, instruments or certificates necessary or desirable in connection with any of the foregoing; and it is further

RESOLVED, that the law firm of Meyer, Suozzi, English & Klein, P.C. ("MSEK") be, and it hereby is, authorized, empowered and directed to represent the Company as its counsel in connection with any case commenced by the Company under the Bankruptcy Code ("Bankruptcy Case"), and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in the Bankruptcy Case; and in connection therewith, the Designated Persons be, and hereby are, jointly and severally, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of MSEK and all related matters; and it is further

RESOLVED, that each of RSR Consulting, LLC, and Goldin Associates, LLC be, and it hereby is, authorized, empowered and directed to represent the Company as its financial consultant and financial advisor respectively in connection with the Bankruptcy Case, and to take any and all actions in their capacities as such; and it is further

RESOLVED, that in addition to the existing signatories of the Company, the Designated Persons be, and hereby are, jointly and severally, authorized to cause the Company to employ other special counsel, financial advisors, investment bankers, accountants and other professionals as appropriate in connection with any Bankruptcy Case and all related matters; and it is further

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Designated Persons, and in addition to the existing signatories of the Company, the Designated Persons, be, and hereby are, jointly and severally, authorized, directed and empowered, in the name and on behalf of the Company, to do or cause to be done all such further acts and things, including the payment of all fees, expenses, appropriate retainers and other amounts payable by the Company with respect to the foregoing, and to execute and deliver all such other instruments, certificates, agreements and documents as he or she may consider necessary or appropriate to enable the Company to carry out the intent and to accomplish the purposes of the foregoing resolutions; and it is further

RESOLVED, that the Designated Persons be, and hereby are, jointly and severally, authorized, directed and empowered, on behalf of and in the name of the Company, to secure the payment and performance of any post-petition financing by (i) pledging or granting liens and mortgages on, or security interest in, all or any portion of the Company's assets, including all or any portion of the issued and outstanding capital stock, partnership interests, or membership interests of any subsidiaries of the Company, whether now owned or hereafter acquired, and (ii) entering into or causing to be entered into such security agreements, pledge agreements, control agreements, intercreditor agreements, mortgages, deeds of trust and other agreements as are necessary, appropriate or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, this resolution in such form, covering such collateral and having such other terms and conditions as are approved or deemed necessary, appropriate or desirable by

the officer executing the same, the execution thereof by such officer to be conclusive evidence of such approval or determination; and it is further

RESOLVED, that in addition to the existing signatories of the Company, the Designated Persons be, and hereby are, jointly and severally, authorized, directed and empowered from time to time in the name and on behalf of the Company, to (i) take such further actions and execute and deliver such certificates, instruments, guaranties, notices and documents as may be required or as such officers may deem necessary, advisable or proper to carry out the intent and purpose of the foregoing resolutions, including the execution and delivery of any security agreements, pledges, financing statements and the like, and (ii) perform the obligations of the Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices and documents to be executed and delivered in such form as the officers performing or executing the same shall approve, and the performance or execution thereof by such officers shall be conclusive evidence of the approval thereof by such officers and by the Company; and it is further

RESOLVED, that all actions heretofore taken by any officer, manager or director of the Company in connection with the foregoing resolutions, the Petition and related matters be, and they hereby are, confirmed, ratified and approved in all respects; and it is further

RESOLVED, that the Designated Persons be, and hereby are, jointly and severally, authorized, directed and empowered, on behalf of and in the name of the Company, and in consultation with counsel, to develop, sign and file any and all pleadings, motions, applications, and other documents as are advisable or necessary to further the interests of the Company with respect to the Bankruptcy Case or the Bankruptcy Court; and it is further

RESOLVED, that Designated Persons be, and hereby are, jointly and severally, authorized, directed and empowered, on behalf of and in the name of the Company, and in consultation with counsel, to develop, sign and file a plan of reorganization and disclosure statement for the Company, and amendments thereto as may be necessary from time to time, as are advisable or necessary to further the interests of the Company with respect to the Bankruptcy Case or the Bankruptcy Court and to undertake the process in accordance with applicable law of soliciting votes in favor of any such plan of reorganization so developed; and it is further

RESOLVED, that the Board of the Company waive any notice, procedural or other formalities requirements which may be required in order to hold a meeting of the Company's Board of Directors.

Dated this 30th day of June, 2016

Signature:

Name: Ng Puay Yee, Annie
Title: Managing Director

Signature:

Name: Ng Joo Puay
Title: Executive Director

Signature:

Name: Lew V Robert
Title: Independent Non-Executive Director

Signature:

Name: Nguyen Van Tu, Peter
Title: Independent Non-Executive Director

Signature:

Name: Ng Joo Kwee
Title: Executive Director

Signature:

Name: Teh Hong Eng
Title: Chairperson and Non-Executive Director

Signature:

Name: Tao Kwok Lau, Clement
Title: Independent Non-Executive Director

4

Howard B. Kleinberg, Esq.
Edward J. LoBello, Esq.
Jil Mazer-Marino, Esq.
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
1350 Broadway, Suite 501
New York, NY 10018
Phone: (212) 239-4999
Email: hkleinberg@msek.com
Email: elobello@msek.com
Email: jmazermarino@msek.com
*Proposed Counsel to the Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CHINA FISHERY GROUP LIMITED (CAYMAN), *et al.*, | Case No. _____ ( ) |
| Debtors.[1] | (Joint Administration Pending) |

## VERIFICATION AS TO STATEMENTS ACCOMPANYING CHAPTER 11 PETITION

I, **NG PUAY YEE**, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury under the laws of the United States of America as follows:

1.  I am the Managing Director of Pacific Andes International Holdings Limited ("**PAIH**") and the Chief Executive Officer of China Fishery Group Limited ("**CFGL**"). PAIH is the indirect parent of CFGL. CFGL is the direct or indirect parent of Smart Group Limited ("**Smart Group**"), Protein Trading Limited ("**Protein Trading**"), South Pacific Shipping Agency Limited ("**SPSA**"), CFG Peru Investments Pte. Ltd. ("**CFG Peru Singapore**"), Premium Choice Group Limited ("**Premium Choice**"), Ringston Holdings Limited

---

[1] The Debtors are N.S. Hong Investment (BVI) Limited ("NS Hong"), Super Investment Limited (Cayman) ("Super Investment"), Pacific Andes International Holdings Limited (Bermuda) ("PAIH"), China Fishery Group Limited (Cayman) ("CFGL"), Smart Group Limited (Cayman) ("Smart Group"), Protein Trading Limited (Samoa) ("Protein Trading"), South Pacific Shipping Agency Limited (BVI) ("SPSA"), CFG Peru Investments Pte. Limited (Singapore) ("CFG Peru Singapore"), China Fisheries International Limited (Samoa) ("CFIL"), Growing Management Limited (BVI) ("Growing Management"), Chanery Investment Inc. (BVI) ("Chanery"), Champion Maritime Limited (BVI) ("Champion"), Target Shipping Limited (HK) ("Target Shipping"), Fortress Agents Limited (BVI) ("Fortress"), CFGL (Singapore) Private Limited ("CFGLPL") and Ocean Expert International Limited (BVI) ("Ocean Expert").

("**Ringston**"), China Fisheries International Limited ("**CFIL**"), Growing Management Limited ("**Growing Management**"), Chanery Investment Inc. ("**Chanery**"), Champion Maritime Limited ("**Champion**"), Target Shipping Limited ("**Target Shipping**"), Fortress Agents Limited ("**Fortress**"), CFGL (Singapore) Private Limited ("**CFGLPL**") and Ocean Expert International Limited ("**Ocean Expert**," and collectively with CFGL, Smart Group, Protein Trading, SPSA, CFG Peru Singapore, Premium Choice, Ringston, CFIL, Growing Management, Chanery, Champion, Target Shipping, Fortress, CFGLPL, the "**CF Group Debtors**"). PAIH is an indirect parent of both the CF Group (as defined and described below) and Super Investment Limited ("**Super Investment**"). N.S. Hong Investment (BVI) Limited ("**NS Hong**", collectively with PAIH, Super Investment and the CF Group Debtors, the "**Debtors**") is the majority shareholder of PAIH.

2.     On June 30, 2016 (the "**Commencement Date**"), each of the Debtors filed a petition under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). In addition to the cases set forth above, contemporaneously with the filing of the cases by the Debtors, Pacific Andes Resources Development Limited ("**PARD**"), CFG Investment S.A.C., Corporacion Pesquera Inca S.A.C., and Sustainable Fishing Resources S.A.C. each filed a petition under Chapter 15 of the Bankruptcy Code.

3.     I have read the statements and lists accompanying the chapter 11 petitions, including the *Creditor Matrix, List of Largest Creditors*, and the *Debtors' Consolidated Corporate Ownership Statement Pursuant To Fed. R. Bankr.P. 1007(A)(1) And 7007.1 And Local Rule 1007-3*.

4.     I am informed and believe that the information contained therein is true and accurate to the best of my knowledge, information and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
NG PUAY YEE

Executed on June    , 2016
in Hong Kong, Special Administrative Region
of the People's Republic of China

1125940v.1

BAKER & MCKENZIE
14/F, HUTCHISON HOUSE
10 HARCOURT ROAD
CENTRAL
HONG KONG


BOARDROOM CORP SERV (HK)
31/F., 148 ELECTRIC ROAD
HONG KONG


CITIC BANKING FACILITIES
61-65 DES VOEUX ROAD
CENTRAL
HONG KONG


CREATION ONE MNGMNT LTD
168B TOWER 2
VANTAGE PARK
22 CONDUIT ROAD
HONG KONG


DBS BANKING FACILITIES
16TH FLOOR, THE CENTER
99 QUEENS ROAD
CENTRAL
HONG KONG


DELOITTE & TOUCHE FIN ADV
32/F ONCE PACIFIC PLACE
88 QUEENSWAY
HONG KONG


DELOITTE TOUCHE TOHMATSU
35/F ONE PACIFIC PLACE
88 QUEENSWAY
HONG KONG


DLA PIPER HONG KONG
17TH FL, EDINBURGH TOWER
THE LANDMARK
15 QUEEN'S ROAD CENTRAL
HONG KONG

```
EPIQ SYSTEMS LIMITED
1102-1104 CENTRAL PLAZA
18 HARBOUR ROAD
WANCHAI
HONG KONG


FUBON FACILITIES
FUBON BANK
38 DES VOEUX ROAD
CENTRAL
HONG KONG


FUBON MORTGAGE LOANS
FUBON BANK
38 DES VOEUX ROAD
CENTRAL
HONG KONG


GENNEX FINAN MEDIA LTD
9/F GLOUCESTER TOWER
THE LANDMARK
15 QUEEN S ROAD CENTRAL
HONG KONG


GUARANTORS/RABOBANK
PICKENPACK FACILITY AGMNT
32/F, THREE PACIFIC PLACE
1 QUEENS ROAD EAST
HONG KONG


KWOK YIH & CHAN
SUITES 2103-05, 21ST FL
9 QUEEN'S ROAD CENTRAL
HONG KONG


MAYBANK FACILITIES
18/F CITIC TOWER
1 TIM MEI AVENUE
CENTRAL
HONG KONG


MAYBANK TERM LOAN
18/F CITIC TOWER
1 TIM MEI AVENUE
CENTRAL
HONG KONG
```

16-11890-jlg    Doc 1    Filed 06/30/16    Entered 06/30/16 13:05:27    Main Document
Pg 16 of 17

```
PACIFIC ANDES ENT. HK LTD
RM 3201-10 HONG KONG PLZ
186 CONNAUGHT RD W
HONG KONG


PAE LTD.
RM 3201-10 HONG KONG PLZ
186 CONNAUGHT RD W
HONG KONG


PICKENPACK EUROPE
RM 3201-10 HONG KONG PLZ
186 CONNAUGHT RD WEST
HONG KONG


PICKENPACK HOLDING
RM 3201-10 HONG KONG PLZ
186 CONNAUGHT RD WEST
HONG KONG


PICKENPACK PROD LUNEBURG
RM 3201-10 HONG KONG PLZ
186 CONNAUGHT RD WEST
HONG KONG


PRICEWATERHOUSECOOPERSLTD
22/F PRINCE'S BUILDING
CENTRAL
HONG KONG


RABOBANK FACILITIES
32/F, 3 PACIFIC PLACE
1 QUEENS ROAD EAST
HONG KONG


RABOBANK NFS FINANCE
32/F, 3 PACIFIC PLACE
1 QUEENS ROAD EAST
HONG KONG


RABOBANK TRADE FINANCE
32/F, 3 PACIFIC PLACE
1 QUEENS ROAD EAST
HONG KONG
```

```
RSM CORP ADVISORY HK LTD
29TH LEE GARDEN TWO
28 YUN PING ROAD
CAUSEWAY BAY
HONG KONG


SCB BANKING FACILITIES
STANDARD CHARTER BANK BUILDING
5/F 4-4A DES VOEUX RD
CENTRAL
HONG KONG


STRATEGIC FINAN'L REL LTD
UNIT A, 29/F
ADMIRALTY CENTRE 1
18 HARCOURT ROAD
HONG KONG


TAISHIN BANKING FACILITIES
NO. 118, SEC 4, REN-AI RD
DA-AN DISTRICT
TAIPEI CITY 106
TAIWAN


THE SEAFOOD TRADER
RM 3201-10 HONG KONG PLZ
186 CONNAUGHT RD WEST
HONG KONG


TRICOR SECRETARIES LTD
LEVEL 54, HOPEWELL CENTRE
183 QUEEN'S ROAD EAST
HONG KONG


UOB BANKING FACILITIES
UNITED OVERSEAS BANK LTD
23/F, 3 GARDEN ROAD
CENTRAL
HONG KONG
```